[Crim. Nos. 31724, 32049. Second Dist., Div. Five. May 23, 1978.]

In re JAMES S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JAMES S., Defendant and Appellant.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Kenneth I. Clayman, Robert I. Jason, and Albert J. Menaster, Deputy Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STEPHENS, J.**—This appeal follows a commitment of James to the California Youth Authority.[1] In October 1976, James was found to come

---

[1] A writ of habeas corpus (No. 32049) is before us at the same time raising the same issue as the appeal. An order to show cause has been issued.

within the provisions of Welfare and Institutions Code section 602 in that he committed attempted forcible rape. The victim was James' sister. Following a Youth Authority diagnostic study, James was declared a ward of the court on March 29, 1977, and ordered suitably placed. The court was under the impression that placement at Pride House was possible; that placement was strongly recommended.

On May 24, 1977, a supplemental petition pursuant to Welfare and Institutions Code section 777 was filed alleging that the "suitable placement" disposition therefor made had not been effective in James' rehabilitation in that: ". . . Eight placements, among them those present at the screening for difficult-to-place wards, have rejected minor, indicating that due to minor's legal history and his lack of motivation to help himself they cannot rehabilitate him."[2]

James demurred to the petition; it was overruled. The allegations of the petition were denied. Following the taking of testimony in support of the petition, James moved for a dismissal of the petition under Penal Code section 1118. The motion was denied. Additional evidence was introduced and, following argument, the petition was sustained.

There is no contention that James did not do the acts alleged in the original section 602 petition. Nor is there any question about the "placement" facilities refusing to accept James under the original disposition order. In addition to the eight facilities referred to in the petition, the bulk of 43 other placement facilities had been contacted without success or ruled out as not available to a youth of James' age (he was then approximately 18 years old).

The trial judge articulated the issue when he said: "The fact that the minor can't be placed insofar as I am concerned is the crucial issue here." Section 777 of Welfare and Institutions code, so far as relevant here, states: "An order changing . . . a previous order . . . by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition. (a) The supplemental petition shall be filed by the probation officer in the original matter and shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor."

---

[2]The argument that placements were not exhausted is not persuasive. The probation department and the court need not spin its wheels doing what is known to be fruitless through experience.

■ The crux of the problem facing us is to decide whether a section 777 modification *requires* some misconduct upon the part of the minor or whether the inability of the juvenile court to effectuate its own disposition permits the escalation of restriction. Where the court concludes that the best disposition would be "suitable placement" it makes such an order in a conditional sense, i.e., provided a placement which is suitable can be obtained. To impose an "absolute" upon such a disposition by the juvenile court would cause hesitancy to try a *possible* adequate disposition.

When the premise of the juvenile court corrective system is weighed against the all-or-nothing reading of section 777 as requested by the public defender, the scale quickly tilts to afford the court the opportunity to obtain placement in lieu of a more structured confinement. When thwarted in this effort of effecting rehabilitation because of inability to obtain a suitable placement, the court properly returned the ward to court and imposed the appropriate commitment as the facts were then known to the judge.

We do not read *In re Arthur N.* (1976) 16 Cal.3d 226 [127 Cal.Rptr. 641, 545 P.2d 1345] as prohibitive of the procedure utilized in the instant case. True, in the customary type of case, a section 777 hearing would be triggered by some act on the part of the ward causing ineffectiveness in his rehabilitation. When, however, the preferred disposition is in fact nonexistent, i.e., there exists no "suitable placement" facility, then certainly *that disposition* has failed of effectiveness within the meaning of the section. The juvenile court law does not demand the impossible, but rather is buttressed by hope and even expectation. The judges who are faced with the difficult task of reorienting youth into society's requirement of lawful behavior should not be hindered from applying the lightest hand cognizable with the realities of the situation before them. This is our case and we find no error in, first, the *attempted* order for suitable placement, and, second, upon finding that that disposition was nonexistent and, hence, ineffective, to reassess the dispositional alternatives. Under all of the facts before the court, after a full and fair hearing, we cannot say, as a matter of law, that the commitment ordered was either inappropriate or beyond the powers of the court.[3]

---

[3]Reliance upon *In re Aline D.* (1975) 14 Cal.3d 557 [121 Cal.Rptr. 816, 536 P.2d 65], is misplaced. There the California Youth Authority was found to be inappropriate. That is not the instant case; here there were two choices, each deemed appropriate. The first was found unworkable and therefore the second ordered.

The order of commitment to the California Youth Authority is affirmed. The order to show cause heretofore issued having served its purpose and now being subsumed within this appeal and affirmance, is discharged.

Kaus, P. J., and Hastings, J., concurred.

A petition for a rehearing was denied June 21, 1978, and appellant's petition for a hearing by the Supreme Court was denied July 20, 1978.