[Civ. No. 18298. Third Dist. Oct. 23, 1979.]

In re GLEN J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
GLEN J., Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Ezra Hendon, Chief Assistant State Public Defender, and Laurance S. Smith, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Charles P. Just and Nancy Sweet, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**PUGLIA, P. J.**—On July 27, 1978, Glen J., age 15, was found by the juvenile court to be a person within section 602 of the Welfare and Institutions Code following his admissions to three counts of burglary, one count of attempted burglary, and one count of vandalism, all as alleged in the amended petition. (All succeeding statutory references are to the Welfare and Institutions Code unless otherwise indicated.) On August 10, 1978, Glen was adjudged a ward of the court and committed to the Bar-O-Boys Ranch for 90 days. He was received at the ranch on August 21, 1978.

On October 17, 1978, the probation officer applied to the court for modification of the disposition order to provide for an indefinite commitment to Bar-O-Boys Ranch. The application alleged a "change in circumstances" since the original order, reciting that Glen had "failed" the 90-day commitment but "could be helped" in the indefinite program. Hearing on the application was set for October 26, 1978, and the minor and his parents were so notified. After several continuances during which time Glen was detained in juvenile hall, the application came on for hearing on December 14, 1978.

In the interim, the probation officer had filed a report including a review of Glen's conduct and adjustment under the original order and commitment and recommended modification of the order to provide for commitment of the minor to Fouts Springs Boys Ranch for an indefinite period.

Bar-O and Fouts Springs Boys Ranches are both county institutions.

■ On appeal the minor asserts that a supplemental petition is required to confer jurisdiction on the juvenile court to order the instant modification.

Section 777 provides in pertinent part: "An order changing or modifying a previous order by removing a minor from physical custody of a parent, guardian, relative or friend and directing placement in a foster home, or commitment to a private institution or commitment to a county institution, or an order changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition.

"(a) The supplemental petition shall be filed . . . by the prosecuting attorney at the request of the probation officer where a minor has been declared a ward under Section 602, in the original matter and shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor."

It is immediately apparent that the December 14 modification does not come within the literal terms of section 777. The original disposition order removed the minor from the physical custody of his parents and committed him to a county institution for 90 days. Before the expiration of the 90-day term, the county probation officer had applied for modification of the order due to the minor's failure to "complete this commitment" and the minor had been returned to court for the proceedings on the application. The ensuing modification did not remove the minor from the physical custody of his parents or commit him to a county institution. That had already been done by the original disposition. The modification merely maintained the status quo established by the original order in respect to responsibility for the minor's custody but changed the place and duration of the commitment.

The minor asserts, however, that rule 1391, California Rules of Court, mandates use of a supplemental petition as the basis for the December 14 modification. Rule 1391 provides in pertinent part: ". . . (b) A supplemental petition shall be used whenever the petitioner concludes that a previous disposition has not been effective in the rehabilitation or protection of a minor adjudged to be a ward or dependent child of the court and seeks a more restrictive level of physical custody. For purposes of this chapter, a more restrictive level of physical custody shall be considered to be, in ascending order, as follows: (1) Placement in the home of the person entitled to legal custody; (2) Placement in the home of a relative or friend; (3) Placement in a foster home; (4) Commitment to a private institution; (5) Commitment to a county institution; (6) Commitment to the Youth Authority."

The minor contends that the modification imposes "a more restrictive level of physical custody" within the meaning of rule 1391 than is exacted by the original dispositional order. We cannot agree. Rule 1391 applies the criterion of "a more restrictive level of physical custody" to supplemental petition practice. The same rule then defines the concept in clear and unambiguous language by reference to several levels of increasingly restrictive custody. Each level is differentiated from the

others on the basis of the *place* rather than the *duration* of custody. (See *In re Ronald E.* (1977) 19 Cal.3d 315, 326 [137 Cal.Rptr. 781, 562 P.2d 684].) If the drafters had intended an increase in duration of custody at the same type of facility to constitute a modification imposing a more restrictive level of custody within the rule, it would have been simple enough to say so. For our part, we decline to construe the rule to cover a situation plainly not intended to be within its ambit.

■ The instant modification is authorized by section 778 which provides in pertinent part: "Any parent or other person having an interest in a child who is a ward of the juvenile court . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a ward of the juvenile court for a hearing to change, modify, or set aside any order of court previously made. . . . The petition shall be verified . . . and shall set forth in concise language any change of circumstance or new evidence which are alleged to require such change of order . . . ."

Concerning petitions under section 778, rule 1391, California Rules of Court, provides: "(c) An application for modification hearing shall be used whenever there is a change of circumstances or new evidence which may require the court to:

"(1) Change, modify or set aside any order previously made which would not result in a more restrictive level of physical custody of the minor; . . .

"An application for modification hearing may be filed by the probation officer . . . ."

Rule 1393, California Rules of Court, prescribes the conduct of a hearing on an application for modification under section 778 as follows: ". . . (g) If the change of circumstance or new evidence relates to the jurisdiction portion of the previous hearing, the procedures relating to jurisdiction hearings prescribed in Chapter 7 (commencing with rule 1351) shall apply to the determination of that issue. In all other cases, the procedures relating to disposition hearings prescribed in Chapter 8 (commencing with rule 1371) shall apply."

The change of circumstance alleged in the probation officer's application for modification relates to the disposition of the minor. Prior to the hearing, the probation officer filed a report detailing the circumstances of

the minor's failure successfully to complete the 90-day commitment to Bar-O-Boys Ranch and recommending indefinite commitment to Fouts Springs Boys Ranch. That report, together with other evidence was properly received and considered by the court at the modification hearing. (See rule 1371, Cal. Rules of Court.) We conclude that the procedures employed complied with the applicable law and fully protected the rights of the minor.

The record contradicts the minor's unsupported claim that he was denied adequate notice of the proceedings. ■ Furthermore, the minor's right to confront adverse witnesses was not infringed by the court's consideration of the probation officer's report at the modification hearing. (*In re Gladys R.* (1970) 1 Cal.3d 855, 861, fn. 9 [83 Cal.Rptr. 671, 464 P.2d 127].) ■ Nor was the minor placed twice in jeopardy by these proceedings. There was but one jurisdictional hearing as a result of which the minor was made a ward of the court. As such, he was subject to the court's continuing jurisdiction. Modification of a dispositional order in the exercise of the court's continuing jurisdiction over a ward does not constitute double jeopardy. Furthermore, these proceedings are not in conflict with Penal Code section 654 barring multiple punishment. (*In·re Benny G.* (1972) 24 Cal.App.3d 371, 375, fn. 3 [101 Cal.Rptr. 28].)

■ Finally we reject the contention that the evidence is insufficient to support the order of modification. The order is supported by evidence of (1) the minor's several acts of misconduct and rule infractions at the Bar-O-Boys Ranch; (2) the interference of the minor's parents with rehabilitation efforts of the ranch staff on behalf of the minor; and (3) the consequent failure of the minor to benefit from the ranch program. There was before the court substantial evidence from which a reasonable trier of fact could find by a preponderance of the evidence that the best interest of the minor would be promoted by the modified dispositional order (see rule 1393(c), Cal. Rules of Court).

The judgment (order) is affirmed.

Janes, J., and Warren, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 20, 1979.

---

*Assigned by the Chairperson of the Judicial Council.