[No. F005244. Fifth Dist. Dec. 2, 1985.]

In re Ronald W., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
RONALD W., Defendant and Appellant.

## COUNSEL

Judith Kent and Dallas Sacher, under appointments by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and William G. Prahl, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

FITCH, J.*—After a contested hearing, the juvenile court found true that Ronald committed a residential burglary (Pen. Code, § 459), count 1, and violated probation (Welf. & Inst. Code, § 777, subd. (a)†), count 2. We address four questions on appeal: Was there substantial evidence to support the element of specific intent in the burglary charge? Was there "clear proof" at the time Ronald committed the acts he knew that they were wrong? Was the court required to make an express finding that prior orders failed to rehabilitate Ronald? And, was Ronald denied effective assistance of counsel because of a potential conflict of interest?

### I‡

### *Substantial Evidence to Support Intent*

. . . . . . . . . . . . . . . . . . . . . . . .

### III

### *Express Finding Required That Prior Orders*
### *Were Ineffective in Rehabilitating the Minor*

Ronald's petition, entitled "Supplemental Petition," alleged Ronald came within the provisions of sections 602/777, subdivision (a).[6] It stated, "previous orders of the court have not been effective in the rehabilitation" of Ronald. Count two alleges that on July 31, 1984, Ronald was found to come within the provisions of section 602 by reason of a prior violation of receiving stolen property (Pen. Code, § 496), that he was adjudicated a ward of the court, released to his parents on probation, and that a term of probation was "that he obey all laws." It was further alleged he violated pro-

---

*Assigned by the Chairperson of the Judicial Council.

†All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

‡See footnote on page 199, *ante*.

[6]The use of the "unitary" 602/777 petition was specifically sanctioned in *In re Michael B.* (1980) 28 Cal.3d 548, 554 [169 Cal.Rptr. 723, 620 P.2d 173], where the People intend to seek aggregation of the current offense by use of previously sustained petitions.

bation by violating a law, namely, entering the Brown residence and consuming food whicii was not his. ▮ ▮▮▮ The petition also advised Ronald generally of the possibility of aggregation.[7]

▮ ▮▮ ▮ At the conclusion of the adjudication, the court found counts one and two proven beyond a reasonable doubt.[8] ▮ ▮ ▮ ▮ Ronald was returned to his parents,[9] placed on probation with certain conditions, required to complete ten days on the work program, and sentenced to a suspended aggregate term of six years and four months. The six-year base term was imposed for the current offense (residential burglary). A four-month term was added as aggregate time consisting of one-third of one year, imposed on a prior sustained petition (receiving stolen property).[10] The court did not expressly find that the prior order had been ineffective in the rehabilitation of Ronald.

▮ The petition failed to state the People would seek a more restrictive level of custody. ▮ A primary purpose in filing a supplemental petition pursuant to section 777, subdivision (a), is to substitute a more restrictive level of placement on remaining unserved time. (*In re Ronald E.* (1977) 19 Cal.3d 315, 326 [137 Cal.Rptr. 781, 562 P.2d 684].)[11] Where, as in this

[7]The petition, however, failed to give the specific warning required by *Michael B.*, namely, the maximum period of physical confinement possible under aggregation. (*In re Michael B., supra,* 28 Cal.3d at p. 554.) A practice has developed in some counties of adding the following language: "YOU ARE FURTHER NOTIFIED that prior sustained petitions entitle the court to use a total period of __, which may be added to the time in custody imposed on current charges." The failure to give Ronald this specific warning was not raised below or on appeal. Moreover, the failure was not prejudicial in light of allegations contained in the petition and the arguments of counsel at the disposition hearing indicating Ronald was aware of the maximum time that could be imposed. (See *In re Stephen P.* (1983) 145 Cal.App.3d 123, 136 [193 Cal.Rptr. 263].)

[8]The standard of proof required in a petition pursuant to section 777, subdivision (a), is beyond a reasonable doubt, where the charged acts are misconduct or crimes. (*In re Arthur N.* (1976) 16 Cal.3d 226, 240 [127 Cal.Rptr. 641, 545 P.2d 1345].) However, misconduct by the juvenile is not required under a section 777, subdivision (a), petition where "the preferred disposition is in fact nonexistent." (*In re James S.* (1978) 81 Cal.App.3d 198, 201 [144 Cal.Rptr. 893].)

[9]One act standing alone, that does not exemplify a complete failure by the parents to achieve rehabilitation, normally is insufficient to support a finding requiring removal of a child from his parents. (*In re Donna G.* (1970) 6 Cal.App.3d 890, 894-895 [86 Cal.Rptr. 421].)

[10]Section 726 specifically permits aggregation of the maximum period of confinement on the current sustained offense by use of "previously sustained petitions adjudging the minor a ward within section 602," but does not authorize the use of prior sustained section 777 petitions for that purpose. Therefore, in light of *In re Michael B., supra,* 28 Cal.3d 548, the practice has developed of filing a unitary 602/777 petition when the minor is still a ward of the court and new offenses are charged. Thus, should the minor thereafter commit a new offense, the section 602 portion of the unitary petition permits the People to seek aggregation again, provided the minor is still a ward of the court at the time of the new disposition.

[11]See California Rules of Court, rule 1391(b)(1). The *place* of custody is determinative, not the *duration* in custody; the latter being authorized by section 778. (*In re Glen J.* (1979) 97 Cal.App.3d 981, 985-986 [159 Cal.Rptr. 148].)

case, the petition fails to make this statement, confusion results. Where modification is sought, but not a more restrictive level of custody, the proceeding properly is brought pursuant to section 778. (*In re Ruben A.* (1981) 121 Cal.App.3d 671, 673 [175 Cal.Rptr. 649], see especially fn. 1.) If a more restrictive level of custody is sought, the minor must be afforded notice of the intended change in custody. (*In re Michael B., supra,* 28 Cal.3d 548, 552.)[12]

 Any error for failure of the petition to inform Ronald a more restrictive level of confinement would be sought is harmless as the juvenile court judge did not impose a more restrictive level of confinement. Rather, as before, Ronald was returned to his home under conditions of probation.

As to whether an express finding of failure to rehabilitate was required, the Attorney General contends that such a finding is required only where a more restrictive level of confinement is imposed. In this case, the minor simply was returned home on probation. Although we agree that such a finding is required where a more restrictive level of placement is imposed, we hold that such a finding also is required where the maximum period of confinement on the current offense is aggregated by use of a prior sustained petition. Aggregation of the term on the current offense by use of a prior sustained petition mandates compliance with the provisions of section 777. (*In re Richard W.* (1979) 91 Cal.App.3d 960, 978 [155 Cal.Rptr. 11], cited with approval in *In re Michael B., supra,* 28 Cal.3d 548, 554.) Compliance with section 777, subdivision (a), requires an express finding of failure to rehabilitate. (*In re Michael B., supra,* at pp. 552-553.)

Directly on point is *In re Stephen P., supra,* 145 Cal.App.3d 123, where the time in custody on the minor's current offense was aggregated by the use of two prior sustained petitions, but a more restrictive level of confinement was not imposed. In that case, as in the case below, the current term was aggregated four months and the minor was returned to his home on probation. (*Id.,* at p. 136.) A limited reversal was ordered, the court stating: "[T]he flaw in the juvenile process was the failure of the court to find that the previous order has been rehabilitatively ineffective. 'Before the previous dispositional order may be modified, the court must make an express finding the previous order in fact has been rehabilitatively ineffective. (*In re Reynaldo* [*R.*] [1978] 86 Cal.App.3d at p. 255 [250 (150 Cal.Rptr. 71)]; *In re Denise C.* (1975) 45 Cal.App.3d 761, 766-767 . . .' (*In re Michael B.* (1980) 28 Cal.3d 548, 552-553 . . . .) The court's failure to do so here mandates a limited reversal (28 Cal.3d, at p. 553, fn. 2)." (*Id.,* at p. 136.)

---

[12]For example: "You Are Hereby Notified the People seek to impose upon you a more restrictive level of custody, namely, ___."

■ Therefore, we hold that when a minor is a ward of the court at the time of the disposition on the current offense, such wardship existing by reason of a prior sustained section 602 offense, and the prior dispositional order imposing a maximum time of confinement is used to aggregate the maximum time of confinement on the current offense, the requirements of sections 602 and *777*, subdivision (a), must be met, including, but not limited to, an express finding by the juvenile court that the prior order was ineffective in rehabilitating the minor. Accordingly, a limited reversal on the aggregated term of four months is required. (*In re Michael B., supra,* 28 Cal.3d 548, 553, fn. 2.)

IV*

*Denial of Effective Assistance of Counsel*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

V

*Conclusion*

The order of four months' additional aggregate term of confinement is reversed. Upon remand, the trial court shall vacate the additional term of four months, or upon notice and with full opportunity for the minor to be heard, determine whether or not the dispositional order of July 31, 1984, was or was not effective in the rehabilitation of Ronald. In all other respects, the judgment is affirmed.

Hamlin, Acting P. J., and Best, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 14, 1986.

*See footnote, page 199, *ante*.