[No. D032194. Fourth Dist., Div. One. Nov. 4, 1999.]

In re STEVEN S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
STEVEN S., Defendant and Appellant.

## COUNSEL

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Steven J. Carroll, Public Defender, and Jo Pastore, Deputy Public Defender, for County of San Diego Public Defender as Amicus Curiae on behalf of Defendant and Appellant.

Bill Lockyer, Attorney General, and Randall D. Einhorn, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**KREMER, P. J.**—Steven S. appeals an order extending his commitment to the California Youth Authority for an additional two years on the basis he had a mental deficiency that would make him dangerous to the public if released. (Welf. & Inst. Code, § 1800.[1]) He contends the order must be reversed because the initial hearing on the section 1800 petition was heard by a referee over his objection. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1991, the juvenile court declared 14-year-old Steven a ward (§ 602) after finding Steven had committed a lewd and lascivious act on a 6-year-old girl (Pen. Code, § 288, subd. (a)). His maximum period of confinement terminated in 1996 but was extended pursuant to a section 1800 finding after a jury trial that Steven had a mental deficiency which would make him dangerous to the public if released. In March 1998, the People again moved to extend Steven's commitment. The case was eventually assigned to Referee Richard Neely. Steven refused to stipulate to having Referee Neely hear

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

the matter. The referee determined a stipulation was not necessary because double jeopardy did not attach to this proceeding, heard the matter and extended Steven's commitment for two years.

Steven filed a petition for a jury trial pursuant to section 1801.5. The jury found that Steven, "because of a mental or physical deficiency, disorder or abnormality, which is amenable to treatment, is physically dangerous to the public." Judge Norbert Ehrenfreund thereafter on September 4, 1998, signed the order extending Steven's commitment for two years.

## DISCUSSION

Section 248, in pertinent part, provides: "A referee shall hear such cases as are assigned to him or her by the presiding judge of the juvenile court, with the same powers as a judge of the juvenile court, except that *a referee shall not conduct any hearing to which the state or federal constitutional prohibitions against double jeopardy apply unless all of the parties thereto stipulate in writing* that the referee may act in the capacity of a temporary judge." (Italics added.)

■ "The double jeopardy clauses of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, and article I, section 15, of the California Constitution, guarantee that a person shall not be placed twice 'in jeopardy' for the 'same offense.' " (*People* v. *Bright* (1996) 12 Cal.4th 652, 660 [49 Cal.Rptr.2d 732, 909 P.2d 1354].) "The underlying idea . . . is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." (*Green* v. *United States* (1957) 355 U.S. 184, 187-188 [78 S.Ct. 221, 223, 2 L.Ed.2d 199, 61 A.L.R.2d 1119].) "Decisions under the double jeopardy clause of the California Constitution likewise recognize the defendant's interest in avoiding both the stress of repeated prosecutions and the enhanced risk of erroneous conviction." (*People* v. *Fields* (1996) 13 Cal.4th 289, 298 [52 Cal.Rptr.2d 282, 914 P.2d 832].)

■ The "[p]rotection against double jeopardy applies to juvenile offenders as well as to adults." (*In re James M.* (1973) 9 Cal.3d 517, 520 [108 Cal.Rptr. 89, 510 P.2d 33]; *In re Carlos V.* (1997) 57 Cal.App.4th 522, 525 [67 Cal.Rptr.2d 155].) "Jeopardy attaches in a juvenile delinquency proceeding 'when the first witness is sworn at the adjudicatory phase of the

jurisdictional hearing.' " (*In re Pedro C.* (1989) 215 Cal.App.3d 174, 180 [263 Cal.Rptr. 428].) The double jeopardy prohibition does not apply to all subsequent hearings before the juvenile court; it applies to proceedings involving further resolution of the factual issues of the elements of the offense charged. (*Id.* at p. 181.) For example, in *In re Glen J.* (1979) 97 Cal.App.3d 981, 984 [159 Cal.Rptr. 148], a juvenile had been committed to a boys ranch for 90 days, but before the 90 days had elapsed, the probation officer applied for a modification of the disposition order, alleging a change of circumstances (the minor had " 'failed' " the 90-day commitment but " 'could be helped' in the indefinite program"). The *Glen J.* court held the modification of the dispositional order did not violate double jeopardy, noting that there had been "but one jurisdictional hearing as a result of which the minor was made a ward of the court" and "[a]s such, he was subject to the court's continuing jurisdiction." (*Id.* at p. 987.)

■ Steven argues that since a referee's section 1800 determination may constitute a final order (if the juvenile does not request a rehearing or jury trial [§§ 800, 1803]), the referee's order is a determination to which jeopardy attaches. We disagree.

The section 1800 hearing does not involve adjudication of the factual elements of a criminal-type offense as is present in a jurisdictional hearing to which jeopardy attaches. A section 1800 hearing involves a modification of the dispositional order, not dissimilar to that involved in *In re Glen J., supra,* 97 Cal.App.3d 981, where it was held there was no double jeopardy violation. The section 1800 hearing here, as did the hearing in *Glen J.,* involved the court's continuing jurisdiction over an individual as a ward of the court, rather than a new adjudication of guilt (i.e., a true finding that Steven had violated certain offenses bringing him within the jurisdiction of the juvenile court). Therefore, a section 1800 hearing is not the type of hearing to which double jeopardy attaches; a stipulation of the parties is not required in order to have the matter heard before a referee.

Moreover, we note that even if we were to agree with Steven's argument and void the referee's order, we would not reverse. Voiding the referee's order would not result in reversal of the commitment order since the order that resulted in Steven's commitment was not signed by a referee but by a judge of the juvenile court following a jury trial. Because Steven requested a jury trial, the referee's order never had the opportunity to become a final order to which jeopardy attached.[2]

No reversal is merited on the ground the referee heard the matter without obtaining Steven's stipulation to hearing the matter.

[2]The Attorney General argues the hearing before the referee was akin to a preliminary hearing, and irregularities in preliminary hearings that are not jurisdictional cannot be raised

## DISPOSITION

The order is affirmed.

Haller, J., and O'Rourke, J., concurred.

A petition for a rehearing was denied November 19, 1999, and appellant's petition for review by the Supreme Court was denied February 16, 2000.

.

.

.

.

---

on appeal following a trial unless the defendant shows he was deprived of a fair trial or otherwise suffered prejudice. (See *People* v. *Crittenden* (1994) 9 Cal.4th 83, 137 [36 Cal.Rptr.2d 474, 885 P.2d 887]; *People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 529 [165 Cal.Rptr. 851, 612 P.2d 941].) We find some merit to this argument.