[Crim. No. 31519. Second Dist., Div. One. Mar. 8, 1978.]

In re HAROLD M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
HAROLD M., Defendant and Appellant.

## Counsel

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Kenneth I. Clayman, Nelson E. Roth, and Albert J. Menaster, Deputy Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Vincent J. O'Neill, Jr., for Plaintiff and Respondent.

**OPINION**

**LILLIE, Acting P. J.**—Harold M.[1] appeals from orders sustaining petition alleging that he and two other minors[2] conspired to commit burglary and committed six overt acts in furtherance of the conspiracy, and declaring him to be a ward of the court under section 602, Welfare and Institutions Code.

Lloyd arrived at the home of the minor, around 9 a.m.; later the minor received a telephone call from Scott after which Scott arrived with a pair of pliers and told Lloyd and the minor about a white car he knew to be parked on the street; in response to an inquiry by Lloyd, Scott said the car contained a radio and CB unit. There followed a discussion among the three, then they decided to go to where the white car was parked; the minor took two screwdrivers with him; on the way they discussed what they would do when they arrived; both the minor and Scott said they were going to get the CB and radio out of the car, and when they arrived all three said they wanted the radio.

The white car belonged to Jesse Rodregues and had been locked and parked near an intersection; in the car were a CB unit and tape recorder. When the minors arrived, they observed a large tape recorder on the front seat; the minor tried to pry open the front window using a screwdriver but failed, then he moved away from the car about 30 or 40 feet and stood at the corner while Scott, using the screwdriver, broke the little window in the front on the passenger side, reached inside and opened the door; they had no time to take the CB or the radio because Officer Wehage who was patrolling the area stopped to investigate. The minor was standing on the corner with a pair of pliers in his right hand and motioning with his left hand; Scott was 10 feet from the vehicle, and Lloyd was nearby; Officer Wehage found a screwdriver on the sidewalk six feet from the white car; the officer took another screwdriver from the minor's left rear pants pocket.

[1] Harold M. was born June 26, 1963; on June 9, 1977, the time of the commission of the acts herein, he was almost 14 years old.

[2] Lloyd and Scott are not involved in this appeal.

██ Appellant contends that the evidence falls short of that necessary to establish "clear proof" that he knew the wrongfulness of his act (§ 26, Pen. Code; *In re Gladys R.*, 1 Cal.3d 855, 867 [83 Cal.Rptr. 671, 464 P.2d 127]) because the only evidence on that issue—two prior sustained juvenile petitions alleging theft and burglary respectively—was inadmissible and, in any case, irrelevant.

On the issue of capacity the following occurred. First, a pretrial motion to sever the "hearing on the *Gladys R.* issue [knowledge of wrongfulness of act]" was heard and denied. Second, at the very outset of the adjudication hearing the prosecutor advised the court that he had two court files reflecting prior sustained petitions against the minor for the same offense that he intended to offer for the sole purpose of proving the minor knew it was wrong to break into an automobile. After extended colloquy the court indicated it would take judicial notice of this "background material" "for the limited purpose of the *Gladys R.* issue only." Then pursuant to defense counsel's request that the files not be opened "in toto" so the court would be "seeing whatever is in there," the judge asked the court officer to extract the relevant matters from the files. Third, nothing further was said about these files until the close of testimony on the adjudication hearing and the court allowed the evidence for the purpose of determining if the minor understood the wrongfulness of his act. The court officer then stated to the court, after extracting original minute order from each file, that one minute order dated May 11, 1977, showed petition alleging theft (§ 484, Pen. Code) sustained against this minor, and the other, dated March 3, 1977, showed a sustained petition alleging burglary.[3] (§ 459, Pen. Code.)

██ We deal first with the relevance of this evidence. In the circumstances of this case the fact that several months before, the minor twice went through the juvenile court system charged with the same conduct surely is part of the minor's past experience, and was probative on the issue of his knowledge of wrongfulness of his conduct. Thus a part of the minor's experience,[4] which the court must consider on the issue of his capacity to commit the offense here charged on June 9, 1977, is reflected in the minute orders that establish that on March 3, 1977, and May 11, 1977, respectively the minor experienced the juvenile court

[3]The record shows that this charge actually was auto tampering and that the petition alleging the same was sustained February 10, 1977.

[4]"A juvenile court must . . . consider a child's age, experience, and understanding in determining whether he would be capable of committing conduct proscribed by section 602." (*In re Gladys R.*, 1 Cal.3d 855, 864 [83 Cal.Rptr. 671, 464 P.2d 127].)

process for nearly identical offenses—burglary and theft. This evidence supports an inference that the minor knew such conduct was condemned by law enforcement and court officers; that knowledge of the wrongfulness of the conduct was brought directly to his attention through police detention and court appearances; and that, far more effective than moral instruction by parent or teacher, such firsthand experiences had left their imprint on the minor's conscience—enough so that when several months later he planned with others and tried to break into Rodregues' automobile to steal a radio and CB unit, he knew it was wrong.

We reject as without substance the several contentions that the evidence is irrelevant because it would be hard for the minor to associate the "penalty" imposed with his conduct months later; and that it is wrong to assume that he retained in his conscience this knowledge of the wrongfulness of the acts committed several months before because he somehow might have lost that knowledge before June 9, 1977. Nor is there merit to the argument based on an analogy of impeachment by felony convictions, that the probative value of the evidence was outweighed by its prejudicial effect because theft and burglary are very similar to the conduct of breaking into an automobile. Such analogy fails because the fact of the prior sustained petitions was relevant only because they alleged offenses similar to the conduct charged. Implied in the ruling of admissibility is the finding that the probative value of the evidence outweighed any prejudicial effect; under the circumstances the finding was proper.

■ Appellant challenges the admissibility of the evidence on the ground that the procedure used by the court was improper asserting that instead of allowing the court officer to orally state the pertinent portions of the minute orders it should have viewed certified copies of the minute orders, and had this been done the court would have known that the first sustained petition was for auto tampering not burglary; and that it violated the hearsay rule.

Certified copies of minute orders are unnecessary where the originals are in the court files before the court. The court properly took judicial notice of these original minute orders (§ 452, subd. (d), Evid. Code; *Flores* v. *Arroyo,* 56 Cal.2d 492, 496 [15 Cal.Rptr. 87, 364 P.2d 263]; *Estate of Russell,* 17 Cal.App.3d 758, 765 [95 Cal.Rptr. 88]) but because defense counsel did not want the court to be "seeing whatever is in" the

files, instead of personally reading the minute orders, it allowed the court officer to read them into the record. If this procedure was subject to a "best evidence," "competent evidence" or "hearsay objection, none was made.[5] In fact, when the court permitted the court officer to recite the minute orders defense counsel stood by interposing no objection thereto either then or at the conclusion of the hearing.[6] Further, we assume that in the preparation of his case defense counsel became aware of the contents of the files or knew the nature of the minute orders and that a petition alleging auto tampering instead of burglary had been sustained; but he made no effort to call this to the court's attention before, at the time of or after the minute orders were read.

■ Although no hearsay objection was raised on the trial level, we comment briefly that the prior sustained petitions were offered solely to prove the occurrences of previous juvenile court proceedings involving the minor not the fact that a determination of guilt was made. Appellant argues that nevertheless it amounts to judicial notice of hearsay contained in the minute order. He relies on *People* v. *Rubio,* 71 Cal.App.3d 757 [139 Cal.Rptr. 750]. However, in *Rubio* the prosecutor sought to prove consciousness of guilt by offering a minute order in the same case made on the day the cause was previously called for trial which order contained a statement that defendant failed to appear without sufficient excuse ". . . for the 'truth of the matter stated.' " (P. 766.) The court took judicial notice of the minute order and read the statement to the jury which was later instructed that it should regard defendant's unexcused absence as an uncontrovertible fact. (P. 766.) In the instant case the prosecutor did not ask that any prior adjudication of knowledge of wrongfulness or guilt be binding; he sought only to show

[5]In his reply brief appellant refers us to various portions of reporter's transcript of oral proceedings had on pretrial hearing on motions to sever the trial and to sever the hearing on the *Gladys R.* issue, and reporter's transcript of other oral pretrial proceedings; but they fail to establish any specific objection made on best evidence, competent evidence or hearsay grounds. They do reveal extended legal argument by defense counsel in the course of which general statements appear which appellant would have us construe as specific objections. However, neither the time these statements were made nor the context in which they were made nor the general nature of such statements nor the conduct of defense counsel in connection therewith is conducive to such interpretations.

[6]At the conclusion of testimony taken on the adjudication hearing the prosecutor offered the court records stating ". . . Possibly we could, rather than have the court examine documents, possibly if there is no objection [the court officer], might be allowed to recite to the court the relevant material." No objection was voiced to this procedure. Later defense counsel stated that this "evidence is coming in over the objection of the minor [Harold M.]" but it is readily apparent from the subsequent colloquy that this objection, though not specific, related to the relevance of the evidence.

the occurrence of the prior juvenile court proceedings. This use of the minute order is covered by the hearsay exception. (§ 1280, Evid. Code.)

█ Further, appellant challenges the inadmissibility of the evidence on the ground that it violates section 203, Welfare and Institutions Code which bars the use of prior convictions of crimes alleged in previous petitions. The fact is that the use of the prior sustained petitions had nothing to do with factual guilt; that the prosecutor very clearly specifically limited their use to the issue of "whether or not [the minor] knew it was wrong to break into an automobile. . . . [his] state of mind." The fact of the prior sustained petitions was not offered as proof of guilt of the offenses alleged therein, and the court did not consider it as such, but as evidence only that the minor had twice previously gone through the juvenile wardship procedure for almost identical conduct.

█ Assuming the admissibility of the evidence, appellant contends that it is insufficient as a matter of law to prove capacity because it shows only that he knew it was wrong to commit the substantive crimes of stealing, auto tampering or breaking, but not the charged offense of conspiracy—"the act of agreeing"—asserting that "it is hard to imagine that a 13-year old would understand that simply the act of agreeing to do something wrong is itself wrong."

First, as to the minor's age, he was not just "a 13-year old." He was born on June 26, 1963; on June 6, 1977, the date of the conspiracy he was but 17 days away from his 14th birthday and the disappearance of the presumption under section 26, Penal Code. █ Second, "A criminal conspiracy exists when two or more persons agree to commit a crime and do some overt act in furtherance of the agreement. [Citations.] It need not be shown that the parties met and actually agreed to jointly undertake criminal action. [Citation.] The agreement may be inferred from the conduct of the defendants in mutually carrying out a common purpose in violation of a penal statute. [Citation.]" (*People* v. *Cockrell*, 63 Cal.2d 659, 667-668 [47 Cal.Rptr. 788, 408 P.2d 116].) █ Although the elements of conspiracy and those of any substantive act may differ insofar as concerns proof of a criminal violation, we find no difference on the narrow issue of the minor's knowledge of wrongfulness.

The minors were charged with conspiring to commit burglary, and that for the purpose of said conspiracy committing the following overt

acts—they discussed burglarizing Rodregues' automobile and went to where it was parked for the purpose of burglarizing it; the minor took with him pliers and a screwdriver for the purpose of burglarizing the automobile and pried at the wind wing for the purpose of entering; and the other minors pried at the wind wing for the same purpose and entered the vehicle. The evidence established a plan mutually agreed upon by the conduct of the minor and Scott and Lloyd to burglarize Rodregues' automobile, and overt acts in furtherance thereof. When the police arrived the automobile had already been broken into and entered. On the record before us, it is our view that if the minor understood that breaking into Rodregues' car—the object of the conspiracy—was wrong, he also understood that planning with others to break into the vehicle to steal a radio and CB unit was wrong. Appellant argues that although a minor under the age of 14 might know it is wrong to commit the substantive crimes of theft and burglary of an automobile, he could not appreciate the elements of a conspiracy thus could not know that the act of agreeing is wrong—that even attorneys have difficulty understanding the "intricacy of the crime of conspiracy." He would demand more of section 26, Penal Code, which codifies the common law responsibility of minors for their conduct, than the Legislature ever intended. His argument also assumes a greater degree of understanding of the "intricacy" of conspiracy than that necessary for the conviction of an adult charged with the crime. Were we to accept appellant's argument that there is a significant distinction between conspiracy and a substantive act for the purpose of section 26, Penal Code, we would be compelled to further conclude that there is a similar distinction between the act and attempt—that the minor who knows it is wrong to steal does not know it is wrong to attempt to steal.

Finally the trial court was justified in concluding that the minor's knowledge of the wrongfulness of his acts had been clearly proved.[7] The minor was nearly 14 years old when the acts were committed. The conduct of the minor after he failed to break the window of Rodregues' car suggests a certain awareness that what the three of them were doing was wrong because he moved away from the car to stand at the corner while the others worked to gain entry to the vehicle, and when observed

---

[7]After submission of the entire cause the court stated: "The court finds that with regard to the Gladys R. portion of this proceeding, that based on the prior history of both minors, [Scott] and [Harold M.], that they did have the capacity to understand that at the time of the alleged offense on June 9th, 1977, that the act was one that was wrongful. That would include the conspiracy to commit the crime of burglary."

by a police officer was motioning with his left hand. Finally, evidence that in March and again in May of 1977 the minor went through the juvenile court system on section 602 charges of burglary (auto tampering) and theft respectively, amounted to clear proof that on June 9, 1977, he knew it was wrong to plan and to execute a burglary of an automobile.

■ Appellant's last contention that he was entitled to a separate hearing before a judge other than the one who will preside over the adjudication hearing, to litigate the issue of his knowledge of the wrongfulness of his acts, is based on applicability of section 405, Evidence Code which provides for a preliminary determination of the admissibility of evidence outside the presence of the trier of fact. A pretrial motion to sever the hearing on the *Gladys R.* issue was denied. Appellant claims this allowed the judge who heard the adjudication to have prejudicial information about the prior sustained petitions.

Because section 26, Penal Code and *In re Gladys R.,* 1 Cal.3d 855, 867 [83 Cal.Rptr. 671, 464 P.2d 127] presumptively exclude children under 14 from criminal liability and the presumption must be overcome by "clear proof" before the minor can be declared a ward of the court under section 602, Welfare and Institutions Code, in a section 602 wardship proceeding where the petition alleges the minor is under 14 years of age, knowledge of the wrongfulness of his act becomes an element of the offense the prosecutor must prove in his case in chief. However, if it can be said that the admissibility of the minute orders in this case should have been determined preliminarily for the purpose of proving the existence of knowledge of wrongfulness, it does not follow that the matter should be heard before a different judge. (*People* v. *Acosta,* 18 Cal.App.3d 895, 902-903 [96 Cal.Rptr. 234] [admissibility of confession].) Appellant seeks to avoid the holding in *Acosta* by urging that it should be limited only to adult cases in which a defendant has a right to a jury trial and in which his waiver of jury waives a separate hearing officer, because a minor is not entitled to a jury trial. But this, of course, assumes that the judge hearing the adjudication after having heard the issue of admissibility of the evidence would be prejudiced by the information he obtained at the hearing. ■ We think, as did the court in *In re Hernandez,* 64 Cal.2d 850 [51 Cal.Rptr. 915, 415 P.2d 803], that the judge is "[P]resumably able to weigh the evidence without being prejudiced by a charge of a prior felony conviction. [Citations.]" (P. 851.) We note here that although the judge knew in advance that there were prior sustained

petitions, he did not hear the evidence thereof until completion of the testimony on the adjudication hearing.[8]

The orders are affirmed.

Thompson, J., and Hanson, J., concurred.

A petition for a rehearing was denied March 27, 1978, and appellant's petition for a hearing by the Supreme Court was denied May 4, 1978.

---

[8]Defense counsel raised the issue of prejudice on pretrial motion to sever and then again on a motion for mistrial before any testimony was taken on the adjudication hearing. The judge in denying the motion said "I have no doubt that I will not be prejudiced by the introduction of the statement, at least by the district attorney, that there have been prior adjudication or sustained petitions" for the limited purpose of satisfying the *Gladys R.* issue.