[Crim. No. 42292. Second Dist., Div. Five. Nov. 17, 1983.]

In re ANTHONY H., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY H., Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Rosendo Pena, Jr., Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Edward T. Fogel, Jr., and Susanne C. Wylie, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WOODMANSEE, J.**\*—After an adjudication upon a petition alleging commission of murder, assault with a deadly weapon, and firearm use, in a drive-by shooting, the minor was committed to the Department of Youth Authority for the maximum period allowable in the juvenile court proceeding.

 Appellant contends his confession was improperly received in evidence. We agree. The error is prejudicial per se. (*In re Joe R.* (1980) 27 Cal.3d 496, 512 [165 Cal.Rptr. 837, 612 P.2d 927].)

In the juvenile master calendar court, before Judge Todd, appellant's counsel requested that a judge, other than the trial judge, hear the objection to the introduction in evidence of the minor's confession. The district attorney and the judge agreed to the procedure.[1] (This was not a Welf. & Inst. Code, § 700.1 search and seizure motion to suppress evidence illegally obtained in violation of the Fourth Amendment.)

A full adversary hearing was conducted by Judge Disco. She made a decision as to the credibility of witnesses, and, based on substantial evidence, found the confession inadmissible because it was involuntary under the Fifth Amendment. As scheduled, the case then went to Judge Altman for trial. There, for the first time, the district attorney stated an intention to relitigate the evidentiary question just decided by Judge Disco. Judge Altman transferred the matter to the master calendar judge for her determination of the posture of the case.

The Attorney General concedes (and, having read the transcript on appeal, we agree) that the district attorney and the master calendar trial judge initially understood that Judge Disco's decision would be binding.

 The decisive question is whether the words and other conduct of the district attorney, were, under all of the circumstances, tantamount to a binding stipulation.[2] We find that they were. All of the partic-

---

\*Assigned by the Chairperson of the Judicial Council.

[1]The defense is not entitled to a different judge as a matter of right. (*People* v. *Acosta* (1971) 18 Cal.App.3d 895, 903 [96 Cal.Rptr. 234]; *In re Harold M.* (1978) 78 Cal.App.3d 380, 389 [144 Cal.Rptr. 744].)

[2]General law treats pretrial decisions on common law evidentiary motions as advisory only (*People* v. *Superior Court* (*Zolnay*) (1975) 15 Cal.3d 729, 734 [125 Cal.Rptr. 798, 542 P.2d 1390]). California Rules of Court, rule 1354(b) provides for the hearing of suppression motions before jeopardy attaches unless written local rules provide otherwise. (*In re Abdul Y.* (1982) 130 Cal.App.3d 847, 856 [182 Cal.Rptr. 146].) Nevertheless, the parties may, of course, stipulate that the prejeopardy decision will be binding. (See *People* v. *Reeder* (1976) 65 Cal.App.3d 235, 239 [135 Cal.Rptr. 421]; *In re Mark L.* (1983) 34 Cal.3d 171, 179 [193 Cal.Rptr. 165, 666 P.2d 22].)

ipants contemplated that Judge Disco's decision would be dispositive of the confession issue. There was a mutual understanding that the result of the hearing was to be binding for all purposes.

The defense acted in good faith upon this understanding reached with the district attorney, under the imprimatur of the master calendar judge; and in reliance on it, called witnesses, and otherwise committed the defense to a full and binding hearing. There is no suggestion that defense counsel engaged in any improper or misleading conduct.

In the hearing before Judge Todd, the district attorneys attempted to disavow their previous agreement on two dubious grounds: (1) that they had failed to realize they would have no right to appeal from an adverse ruling and that they could not change the rules of appeal; and (2) that they had no power to take away from the trial judge his right to hear the confession motion.

The first ground is based on an illusory loss. The People have no right of appeal from this common law evidentiary motion—whether pretrial or posttrial. The second ground is also nonexistent. The prosecution can, and often does, stipulate to both procedural and substantive issues, eliminating the right of the trial judge to decide them.

None of the superior court judges purported to sit as a Court of Appeal over his colleagues. ▮ ▮▮▮ Judge Todd was called upon to interpret an understanding that had been made in front of her, but was not of record.[3] Judge Natoli took the case as it came to him, and did not pass judgment on the acts of the predecessor judges of parallel jurisdiction.

▮ The district attorneys advanced incorrect and incomplete legal arguments upon their return to the master calendar court. They were ethically and legally bound by the agreement originally entered into by the People. Unjustified relitigation and forum shopping tend to undermine the integrity of the judicial system.

The district attorney is estopped from offering, at retrial, the confession found inadmissible, after a full and fair hearing, by Judge Disco. Her ruling on that issue is the law of the case.

---

[3]The statutory requirement that a stipulation be in writing and filed with the clerk, or entered in the minutes (Code Civ. Proc., § 283, subd. 1) is not absolute. Proof of an agreement will suffice. (1 Witkin, Cal. Procedure (2d ed. 1970) Attorneys, § 129, p. 140.)

The judgment is reversed.

Feinerman, P. J., and Ashby, J., concurred.