[No. G000368. Fourth Dist., Div. Three. May 23, 1984.]

In re SCOTT K., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
SCOTT K., Defendant and Appellant.

274

**COUNSEL**

Ronald Y. Butler, Public Defender, Frank Scanlon, James Dean Allen, Nicholas Chrisos and Todd W. Howeth, Deputy Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Keith

I. Motley and Jesus Rodriguez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SONENSHINE, J.—Scott K. appeals an order modifying a previous dispositional order of the juvenile court (Welf. & Inst. Code, § 777)[1] and committing him to a forestry camp for an additional 60 days.

Scott K.'s dispositional history began at age 12 when he admitted the contents of a Welfare and Institutions Code[2] section 602[3] petition alleging he committed burglary. (Pen. Code, § 459.) The court declared him a ward and ordered him in August 1980 to complete 15 days of community service in addition to making restitution. Four months later, in December 1980, a subsequent section 602 petition was filed alleging attempted burglary (Pen. Code, §§ 664/459) and trespass (Pen. Code, § 602, subd. (j)). The minor eventually admitted the burglary charge. He was continued as a ward with 60 days in the Youth Guidance Center stayed[4] pending a progress review. In January 1981 a section 777 petition alleging violation of the court's previous order was filed. Again, the minor admitted the violation and an additional five days of community service work was tacked onto the preceding fifteen days. The 60 days at the Youth Guidance Center was presumably continued stayed.

In May 1981 a section 602 petition was again filed alleging burglary. Nine days later, the minor admitted the allegation as a misdemeanor. The court

---

[1]Welfare and Institutions Code section 777 provides in part: "An order changing or modifying a previous order by removing a minor from the physical custody of a parent, guardian, relative or friend and directing placement in a foster home, or commitment to a private institution or commitment to a county institution, or an order changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition.

"(a) The supplemental petition shall be filed by the probation officer, where a minor has been declared a ward of the court or a probationer under Section 601, and by the prosecuting attorney at the request of the probation officer where a minor has been declared a ward or probationer under Section 602, in the original matter and shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor."

[2]All statutory references are to the Welfare and Institutions Code unless otherwise noted.

[3]"Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

[4]This procedure was previously found to violate both section 777 and fundamental fairness. (In re Ruben A. (1981) 121 Cal.App.3d 671 [175 Cal.Rptr. 649].)

vacated the previously stayed 60 days at the Youth Guidance Center and imposed 90 days in its stead, again staying the commitment pending future review. Ten months later, a section 777 petition was filed. The minor admitted allegations in the petition in April 1982 and was continued as a ward. Twenty-five days later another section 777 petition was filed. In May 1982 the minor admitted the allegations in the petition; again 90 days at the Youth Guidance Center was imposed and again stayed pending review.

On October 21, 1982, a section 602 petition was filed alleging theft (Pen. Code, §§ 484-488) in addition to a separate section 777 petition. On October 28, 1982, the minor admitted the petition alleging theft; the section 777 petition was dismissed with the court ordering 80 hours of volunteer service. Nothing was done regarding the stayed custody order. In April 1983 a section 602 petition alleging a new burglary was filed. Eight days later the minor admitted the burglary with the court *imposing* a 60-day commitment. One month later a section 777 petition was filed seeking a change in the April order.

At a hearing conducted on the latest section 777 petition, it was stipulated Scott K. previously violated the conditions of both the August 1980 and October 28, 1982, orders by failing to attend counseling, visit his probation officer, and make restitution. However, the court also acknowledged the dispositional order of April 1983 *had not been put into effect* and therefore *could not* be the focus of a section 777 petition. The court found Scott K. violated the court's orders and modified his commitment from 60 to 120 days.

I

The issue presented is whether Welfare and Institutions Code section 777 authorizes modification of *only* the preceding dispositional order. We conclude a section 777 petition may only determine whether the immediate past dispositional order has failed to effectively rehabilitate the minor and may not inquire into preceding dispositions.

Although a section 777 petition may allege, as a basis for changing a prior disposition, the minor has violated a new criminal statute, the proper procedure is to reserve new offenses to a subsequent section 602 petition and the failure to rehabilitate to section 777 petitions. (*In re John G.* (1977) 72 Cal.App.3d 242 [139 Cal.Rptr. 849].) Where a previous disposition, instituted following a finding a minor is a person described within section 602, has not been effective, a section 777 petition is the procedure to be utilized to reformulate a new dispositional plan. For that reason, a previous order may not be modified so as to further restrict a minor's free-

dom unless the court " 'make[s] an express finding the previous order in fact has been rehabilitatively ineffective.' " (*In re Ruben A., supra,* 121 Cal.App.3d 671, 674; *In re Denise C.* (1975) 45 Cal.App.3d 761, 766 [119 Cal.Rptr. 735].) Further, since ". . . removal of the minor from parental custody is a matter of last resort and . . . should not be ordered unless other means have failed" (*In re Donna G.* (1970) 6 Cal.App.3d 890, 894 [86 Cal.Rptr. 421]), section 777 has been interpreted to require a concise statement of facts supporting the proposed change of custody (*In re John G., supra,* 72 Cal.App.3d 242) and the court's findings must be beyond a reasonable doubt. (*In re Arthur N.* (1976) 16 Cal.3d 226 [127 Cal.Rptr. 641, 545 P.2d 1345].)

■ Section 777 only permits modification of the "previous" disposition. Every appellate decision which has considered section 777 has focused on the immediate prior dispositional order in determining if a juvenile court has properly found rehabilitation ineffective. Although *In re Williams S.* (1970) 10 Cal.App.3d 944 [89 Cal.Rptr. 685] concerns the application of section 777 to a section 601 proceeding, it is instructive.

In *William S.,* a minor was adjudged a 601 ward based upon continued drug use. As part of the dispositional order, the minor was committed to a youth camp. Five days later a section 777 petition was filed alleging the minor refused to adjust to the program. The juvenile court sustained the petition and committed the minor to the California Youth Authority. In reversing the finding on the section 777 petition, the appellate court noted, "[t]he term 'previous disposition' does not refer merely to making the order prescribing a treatment or commitment . . . . In the case at bench the 'previous disposition' was a commitment to Rancho del Campo. This commitment never was executed. Under these circumstances, the finding of the court the commitment was not effective in the rehabilitation of the minor was without evidentiary support." (*Id.,* at p. 950.)

Each time a ward comes before the court, whether the result of a subsequent section 602 or 777 petition, the goal of any resulting dispositional order is to rehabilitate the minor. Thus, a dispositional order should be all encompassing. This may simply require the juvenile court to adopt previous orders of the court or make wholesale changes, but once the court devises the latest rehabilitation plan, an attempt to carry it out must be made. Until the latest disposition has been executed, an evaluation of its effectiveness pursuant to section 777 cannot be made.

We are cognizant of the frustration the juvenile court must have felt with Scott K. Between the ages of twelve and fifteen, eight separate petitions were sustained containing charges of four burglaries, one petty theft and

two violations of previous court orders. More importantly, each offense resulted in dispositional orders which continued to stay, rather than impose, camp commitments. Section 777, however, may not be utilized to modify an order the juvenile court has simply become unhappy about upon reflection. Rather, it is only after the minor has been given an opportunity to change behavior by following the court's latest orders that the court may use section 777 to intervene.

The order of the court sustaining the May 5, 1983, section 777 petition is reversed. The petition is ordered dismissed.

Trotter, P. J., and Wallin, J., concurred.