187 Cal.App.3d 534 (1986)
232 Cal. Rptr. 43
In re MARTIN L., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
MARTIN L., Defendant and Appellant.
Docket No. B010447.
Court of Appeals of California, Second District, Division Six.
November 26, 1986.
*538 COUNSEL
Joseph D. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.
John K. Van de Kamp, Attorney General, Robert R. Anderson and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
STONE, P.J.
Martin L., a minor, appeals from a juvenile court order of January 8, 1985, sustaining a petition filed pursuant to Welfare and Institutions Code section 602 and committing him to California Youth Authority (YA).[1] The unified petition filed pursuant to sections 777 and 602, *539 and sustained by the court as a section 602 petition only, alleged that on or about November 27, 1984, appellant wilfully possessed and was knowingly under the influence of toluene in violation of Penal Code section 381, a misdemeanor. The specific facts of that offense are not disputed and will be discussed where pertinent to a particular issue. He contends there was insufficient evidence that he knew his conduct was wrongful, the court committed reversible error at the jurisdictional hearing by reviewing previous social studies, the dispositional order committing him to YA must be reversed because the supplemental petition under section 777 was not sustained, and he is entitled to immediate release from YA because he has served more than the maximum legal term. We find no error and affirm the order.

DISCUSSION

I. Evidence Sufficient at Jurisdictional Hearing to Support Required Finding That Minor Knew His Conduct Was Wrongful.

Martin was 13 years old at the time the instant section 602 petition was sustained. Penal Code section 26 provides, in pertinent part that "[a]ll persons are capable of committing crimes except those belonging to the following classes: [¶] One  Children under the age of 14, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness." Section 602 applies to minors under 14 only if they clearly appreciate the wrongfulness of their conduct and a juvenile court must consider the child's age, experience and understanding in making that determination. (In re Gladys R. (1970) 1 Cal.3d 855, 864, 867 [83 Cal. Rptr. 671, 464 P.2d 127].)
Appellant contends that, to find the requisite knowledge on his part, the juvenile court could not rely on judicial notice that prior section 602 petitions had been sustained for the same offense and that he was on probation for the identical offense when he committed the present one. He is incorrect. (1) A court may take judicial notice of records and orders in its own file. (Evid. Code § 452, subd. (d)(1); In re Harold M. (1978) 78 Cal. App.3d 380, 385 [144 Cal. Rptr. 744].) (2) Evidence of prior petitions sustained for the same offense is relevant to knowledge of the wrongfulness of conduct and admissible under Evidence Code section 1280 as official records. (In re Harold M., supra, 78 Cal. App.3d at 385.) This evidence supports the inference that the minor knew paint-sniffing was illegal and wrong and the knowledge of that wrongfulness was brought directly to his attention through police detention and court officers. (Ibid.) As the juvenile court indicated, it is difficult to envision stronger evidence that he knew the wrongfulness of his conduct than evidence that he had two prior petitions sustained and was on probation for the identical offense when arrested. Additionally, the *540 can of spray paint found in his waistband contained a warning that the can contained toluene and should not be sniffed. (Appellant had a rolled-up sock stained with paint in his pocket.) Substantial evidence supports the court's determination that Martin understood the wrongfulness of his behavior.
(3) Appellant further contends that proof the court previously admonished him at prior hearings is not the same as proof that he understood the admonishments. His argument fails on that issue as well. Evidence Code section 664 provides that an official duty is presumed to have been regularly performed. The presumption prescribed by Evidence Code section 664 affects the burden of proof and, where the presumption is applicable, its effect is to impose upon the party against whom it operates the burden of proof of nonexistence of the presumed fact. (People v. Gray (1967) 254 Cal. App.2d 256, 265 [63 Cal. Rptr. 211]; see also People v. Moran (1970) 1 Cal.3d 755, 762 [83 Cal. Rptr. 411, 463 P.2d 763].) (4) The minute orders and judgments of the juvenile court are presumed valid and, if the court at that time failed to do its official duty in determining that appellant understood the wrongfulness of his acts when it sustained the previous petitions, appellant's remedy was to challenge those orders by direct appeal. It is too late to do so now. (See In re Ronald E. (1977) 19 Cal.3d 315, 326 [137 Cal. Rptr. 781, 562 P.2d 684].)

II. The Trial Court Did Not Consider Inadmissible Material Before Adjudication of Criminal Responsibility.

(5) Appellant contends the trial court violated the precepts of In re Gladys R., supra, 1 Cal.3d 855, by considering "previous matters in the file" to supply an essential element of the charge, i.e., wrongfulness of his conduct. Appellant mistakenly recalls the trial court's action and incorrectly interprets Gladys R. In In re Gladys R., supra, the Supreme Court said that a juvenile court should not consider the social study at the adjudication hearings. (Id., at p. 860.) Here, the trial court took judicial notice of its own file and the fact that on May 14, a petition was filed in the same court alleging the "selfsame offense for which the minor is now on trial in this matter," and also took judicial notice that on June 12th, he was placed on probation for that offense.
There is no indication the court relied on inadmissible social studies or anything other than the orders sustaining the petitions, placing the minor on probation and the probation terms, all part of official records. These were not hearsay allegations or improper matters or legally incompetent material in a social or probation report. (Cf. In re Gladys R., supra, I *541 Cal.3d at p. 860; 2 Jefferson, Cal. Evidence Benchbook (Cont.Ed.Bar 1982) § 47.2, Judicial Notice.)

III. Disposition Order Not Reversible Due to Refusal to Sustain Section 777 Petition.

The petition filed in the instant case was captioned as a petition under both section 602 to establish the commission of a new offense and section 777, a supplemental petition to change placement because previous orders had been ineffective in the minor's rehabilitation. The petition further alleges that the maximum confinement time was eight years and six months and requests a change in prior dispositional orders of the court and aggregation of confinement time at time of disposition.
At appellant's adjudication hearing, the juvenile court sustained the petition under section 602 but not under section 777 because the court felt that one incident of paint-sniffing was insufficient to find beyond a reasonable doubt that rehabilitation had failed. (See In re Donna G. (1970) 6 Cal. App.3d 890 [86 Cal. Rptr. 421]; In re Scott K. (1984) 156 Cal. App.3d 273 [203 Cal. Rptr. 268].)[2] (6) Before a court may alter the original disposition on an earlier offense under section 777, it must find that previous orders have been ineffective. (In re Reynaldo R. (1978) 86 Cal. App.3d 250 [150 Cal. Rptr. 71]; In re Ronald W. (1985) 175 Cal. App.3d 199, 204 [220 Cal. Rptr. 557].) The standard of proof required in a petition pursuant to section 777, subdivision (a), is beyond a reasonable doubt, where the charged acts are misconduct or crimes. (In re Ronald W., supra, 175 Cal. App.3d 199, 204, fn. 8; In re Arthur N. (1976) 16 Cal.3d 226, 240 [127 Cal. Rptr. 641, 545 P.2d 1345].)
(7) At the dispositional hearing, the juvenile court ordered appellant committed to YA for a maximum term of eight years eight months, consisting of eight years six months for offenses which were the subject of petitions previously sustained against appellant and two months for the newly sustained petition. Appellant asserts that since the juvenile court failed to sustain the petition under section 777, the court could commit him to YA for only the new offense and for only the term limited to the maximum *542 adult sentence for that offense  six months. (In re Richard W. (1979) 91 Cal. App.3d 960 [155 Cal. Rptr. 11].) According to appellant, he is entitled to immediate discharge since he has served more than six months. He further argues that there was no showing that YA was necessary. He is incorrect on both counts.
In In re Michael B. (1980) 28 Cal.3d 548 [169 Cal. Rptr. 723, 620 P.2d 173], the California Supreme Court held that a section 777 petition is not the exclusive method of initiating proceedings for a change or modification and specifically sanctioned the use of the "unitary" sections 602/777 petition where the People intend to seek aggregation of the current offense by use of previously sustained petitions. (Id., at p. 553-554; In re Ronald W., supra, 175 Cal. App.3d 199, 202, fn. 6.) However, where prior offenses are to be considered to aggregate the maximum term to extend it beyond that which could be imposed for the new offense in a section 602 petition, due process requires notice of the juvenile court's intention in order to provide the minor with a meaningful opportunity to rebut any derogatory material within its prior record. (28 Cal.3d at p. 553.)
(8a) To effect a change in custody pursuant to section 777, the minor must be afforded notice of the intended change and the petition must contain a concise statement of facts in support of the conclusion the minor's previous placement has been rehabilitatively ineffective. (In re Michael B., supra, 28 Cal.3d 548, 552.) Before the previous dispositional order may be modified, the court must make an express finding the previous order in fact was ineffective in terms of rehabilitation. (Id., at pp. 552-553.) A section 777 petition may determine only whether the immediate past dispositional order failed to effectively rehabilitate the minor and may not inquire into preceding dispositions. (In re Scott K., supra, 156 Cal. App.3d 273, 276.)
However, after a new petition is sustained under section 602, the court may consider the juvenile's entire record before exercising its discretion at the dispositional hearing and may rely on prior sustained section 602 petitions in determining the proper disposition and maximum period of confinement. (In re Michael B., supra, 28 Cal.3d 548, 553.) (9) Although a new violation of criminal statute may be the basis for changing a prior disposition under section 777, the proper procedure is to allege the new offense in a section 602 petition and the failure to rehabilitate in a section 777 petition. (In re Scott K., supra, 156 Cal. App.3d 273, 276.) The primary purpose in filing a supplemental petition pursuant to section 777 is to substitute a more restrictive level of placement on remaining unserved time. (In re Ronald W., supra, 175 Cal. App.3d 199, 203; In re Ronald E., supra, 19 Cal.3d 315, 326.) Where modification is sought, but not a more restrictive level of custody, the proper procedure is to follow section 778. (In re Ronald *543 W., supra, at p. 203.) (10) However, if a more restrictive level of custody is sought, the minor must be afforded notice of the intended change. (Ibid.)
The petition here informed appellant that the People would seek a change in disposition but not a more restrictive level of custody. A "change in disposition" does not necessarily mean a more restrictive placement. Thus, the juvenile court properly refused to sustain the petition pursuant to section 777.
(8b) Nonetheless, section 726 specifically permits aggregation of terms in computing the maximum period of confinement on the basis of prior sustained section 602 petitions. (In re Michael B., supra, 28 Cal.3d at p. 553.) (11) Therefore, the People could seek aggregation of terms in the section 602 portion of the unitary petition provided the minor was given notice of the juvenile court's intention to extend the maximum term beyond that which could be imposed for the new offense. (In re Ronald W., supra, 175 Cal. App.3d at p. 203, fn. 8; In re Michael B., supra, 28 Cal.3d at p. 553.)
Here, the petition satisfied due process since it gave appellant notice of the maximum confinement time and the People's request to aggregate confinement time at disposition. Consequently, the court could impose a maximum period of confinement in excess of six months on the new section 602 petition, and appellant is not entitled to immediate release from YA. We note that In re Ronald W., supra, 175 Cal. App.3d 199, not cited by either party, holds that aggregation of the term on the current offense by use of a prior sustained petition mandates compliance with the provisions of section 777, including an express finding by the juvenile court that the prior order was ineffective in rehabilitating the minor. (175 Cal. App.3d 199, at p. 206.) However, the unitary sections 602/777 petition in Ronald W. appears to have been sustained under both sections. We question whether such a finding is necessary under Michael B. where the court does not expressly modify a former commitment as opposed to "`a different and more onerous disposition [] based on a new criminal offense.'" (See In re Reynaldo R., supra, 86 Cal. App.3d 250, 256.) Assuming that when a juvenile court aggregates a term on the current offense on a section 602 petition by using prior sustained petitions it should find the prior order ineffective in rehabilitating the minor, the court, in essence, did so here: "Reasonable efforts have been made to prevent or eliminate the need for removal of the minor from his home and to make it possible for the minor to return to his home. That's not even accurate. Heroic efforts have been made and they have just been to no avail."
(12) Similarly, appellant's claim that there was no showing of necessity for a YA commitment must fail. Certification of the minor to YA for commission *544 of a public offense is within the sound discretion of the committing court. (§ 731; In re Clarence B. (1974) 37 Cal. App.3d 676, 682 [112 Cal. Rptr. 474].) The juvenile court's decision may be reversed on appeal only if the court abused its discretion in committing the minor to YA (In re Dale S. (1970) 10 Cal. App.3d 952, 957 [89 Cal. Rptr. 499]) and abuse of discretion may be shown only if there is no substantial evidence to support the commitment. (In re Reynaldo R., supra, 86 Cal. App.3d 250, 256; see also In re Michael R. (1977) 73 Cal. App.3d 327, 333 [140 Cal. Rptr. 716].) To determine whether there is substantial evidence, we examine the record presented at the disposition hearing mindful of the purposes of the juvenile court law. (§ 200 et seq.; In re Todd W. (1979) 96 Cal. App.3d 408, 416-417 [157 Cal. Rptr. 802]; In re Carrie W. (1979) 89 Cal. App.3d 642, 649 [152 Cal. Rptr. 690].)
(13) Appellant contends that since the court had doubts about committing a 13-year-old to YA and the probation officer recommended a local disposition including 120 days in Colston Juvenile Center the court erred in its ruling. We disagree. Circumstances in a particular case may well suggest the desirability of a YA commitment despite the availability of such alternative dispositions as placement in a local facility. (In re John H. (1978) 21 Cal.3d 18, 27 [145 Cal. Rptr. 357, 577 P.2d 177]; see also In re Ricky H. (1981) 30 Cal.3d 176, 183 [178 Cal. Rptr. 324, 636 P.2d 13].)
At the dispositional hearing, the court considered appellant's entire record, heard testimony by the County Correction Services Agency clinical psychologist that less restrictive placements had been ineffective, and, with counsels' agreement, judicially noticed the hearing testimony of September 28, 1984, at which time available possible alternatives were explored in depth, a YA representative explained programs relevant to appellant's problems, and Judge McNally gave appellant one last chance to adjust in a local setting before sending him to YA.[3] Although only 13 years old at time of commitment to YA, appellant had been arrested 8 times for various criminal offenses, juvenile court petitions had been sustained for commission of a lewd and lascivious act upon a child under 14 and for 4 instances of sniffing and being under the influence of toluene. He had run away from 2 prior juvenile court placements, had been rejected as unsuitable by at least 2 additional institutional placements, had been sniffing paint since age 11, used marijuana at age 12, had truancy problems, and refused to cooperate with a probation officer's attempt to find a placement. We find no abuse of discretion in appellant's placement in YA.
*545 The order appealed from is affirmed.
Gilbert, J., and Abbe, J., concurred.
NOTES
[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.
[2] Section 777 provides, in pertinent part: "An order changing or modifying a previous order by removing a minor from the physical custody of a parent, guardian, relative or friend and directing placement in a foster home, or commitment to a private institution or commitment to a county institution, or an order changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition. [¶] (a) The supplemental petition shall be filed by the ... prosecuting attorney at the request of the probation officer where a minor has been declared a ward or probationer under Section 602, in the original matter and shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor."
[3] We also note that in September 1983 Judge McGrath informed appellant that if he were placed in a residential program and left it, he could be facing a YA commitment.