[No. F010416. Fifth Dist. Dec. 8, 1989.]

In re EDWARDO L., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
EDWARDO L., Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

† Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and III.

COUNSEL

Robert A. Garcia, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Shirley A. Nelson and Jesse Witt, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FRANSON, P. J.—

### STATEMENT OF THE CASE

After a contested hearing on a supplemental petition, the juvenile court found that the minor Edwardo L. (1) committed an assault with a deadly weapon during which he intentionally inflicted great bodily injury (count 1, Pen. Code, §§ 245, subd. (a), 12022.7); (2) committed misdemeanor vandalism (count 2, Pen. Code, § 594, subd. (b)(3)); and (3) violated a previous probationary order by these two new offenses (count 3). The court committed Edwardo to the California Youth Authority (YA) for a maximum term of seven years and eight months.

The primary issue on appeal is whether the court's failure to find at the jurisdictional hearing that the prior disposition has been ineffective in rehabilitating the minor (Welf. & Inst. Code, § 777)[1] prevents the court from computing the maximum period of confinement on the basis of aggregated terms for prior sustained section 602 petitions.

We conclude a rehabilitative ineffectiveness finding is not necessary where the court does not expressly modify a former commitment but instead "imposes a different and more onerous disposition," specifically an aggregated term, based on a new criminal offense alleged in a supplemental section 602 petition. However, the petition and jurisdictional hearing must comport with the due process mandates of *In re Michael B.* (1980) 28 Cal.3d 548 [169 Cal.Rptr. 723, 620 P.2d 173].

In the unpublished portion of the opinion, we conclude the case must be remanded because the court failed to make the necessary express finding as

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

to whether count 1 was a felony or a misdemeanor and incorrectly calculated the maximum period of confinement.

## STATEMENT OF FACTS

A detailed recitation of the facts is unnecessary in light of the issues posed, and the following summary will suffice. On October 15, 1987, about 9 p.m., several Mexican males carrying baseball bats, pipes or similar weapons broke into a Tulare County home. The three youths broke windows, and one, later identified as Edwardo, hit a four-month-old baby on the head causing serious injury. Edwardo had been involved in an altercation with the baby's father a few days earlier and had threatened, "We'll be back." Edwardo denied involvement in the house break-in and assault.

## DISCUSSION

I. *The court may aggregate the period of physical confinement on previously sustained section 602 petitions without finding that previous dispositions were rehabilitatively ineffective.*

Edwardo's petition, entitled "Supplemental Petition," alleged that Edwardo came within the provisions of sections 602/777, subdivision (a),[2] of the juvenile court law of California. The petition prefaced the specific allegations with the assertion, "The previous orders of this court have not been effective in the rehabilitation of the above named person in that: . . ." The petition then alleged the assault, vandalism and violation of probation counts.

At the conclusion of the jurisdictional hearing, the court found Edwardo had committed the two new offenses and thereby violated the terms of his

---

[2] Section 602 provides: "Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

Section 777 provides in pertinent part: "An order changing or modifying a previous order by removing a minor from the physical custody of a parent, guardian, relative, or friend and directing placement in a foster home, or commitment to a private institution or commitment to a county institution, or an order changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition.

"(a) The supplemental petition shall be filed as follows:

"   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(2) . . . By the prosecuting attorney at the request of the probation officer if a minor has been declared a ward or probationer under Section 602 in the original matter and the petition alleges a violation of a condition of probation amounting to a crime. The petition shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor."

probation. The court did not find at either the jurisdictional or dispositional hearing that its previous order had been ineffective in rehabilitating the minor. At the dispositional hearing, the court committed Edwardo to YA for seven years and two months for the two most recent offenses, plus six months for previously sustained petitions.

Section 726 permits aggregation of the maximum period of confinement on the current offense by use of "previously sustained petitions adjudging the minor a ward within Section 602." (§ 726, subd. (c).) The section does not specify, however, what procedures the court must follow in order to aggregate the terms. ■ The question presented by this appeal is: when the court proceeds against a minor on new offenses under section 602, must it make a finding of rehabilitative ineffectiveness pursuant to section 777 before it can use the prior offenses to aggregate the term of commitment?

In *In re Ronald W.* (1985) 175 Cal.App.3d 199, 204, 205 [220 Cal.Rptr. 557], we held that where a prior dispositional order imposing a maximum time of confinement is used to aggregate the maximum time of confinement on the current offense, compliance with both section 602 and section 777, subdivision (a), was required, including an express finding by the court that the prior order was ineffective in rehabilitating the minor. *In re Martin L.* (1986) 187 Cal.App.3d 534 [232 Cal.Rptr. 43] questioned this conclusion: "We question whether such a finding is necessary under [*In re*]*Michael B.* [*supra*, 28 Cal.3d 548] where the court does not expressly *modify* a former commitment as opposed to [imposing] ' "a different and more onerous disposition [ ]based on a new criminal offense." ' " (*In re Martin L., supra*, 187 Cal.App.3d at p. 543.) Accordingly, we take another look at *Michael B.* and conclude that when the court seeks to aggregate terms in a section 602 proceeding, the crucial requirements are notice to the minor of the possibility of aggregation based on his prior offenses, adequate time to prepare his defense, and a meaningful opportunity to be heard to rebut any derogatory material relating to his prior record rather than compliance with section 777 supplemental petition procedures.

Hearing was granted in *Michael B.* to resolve a conflict between Court of Appeal opinions. (*In re Michael B., supra*, 28 Cal.3d at p. 551.) *In re Richard W.* (1979) 91 Cal.App.3d 960 [155 Cal.Rptr. 11] held if a supplemental petition is not filed under section 777, a minor's record of sustained petitions could be considered in making an appropriate disposition for the current offense, but not in aggregating the period of confinement. Thus, when the People proceed under a section 602 petition, the court is limited to fixing a maximum period of confinement based on the new offense. (*Id.* at p. 978.) *In re Ruben M.* (1979) 96 Cal.App.3d 690 [158 Cal.Rptr. 197] parted company with *Richard W.* and held that when a new petition is filed under

section 602 an additional petition under section 777 is not required in order to include prior cases in the aggregate maximum term of commitment. (*Id.* at p. 698.)

The petition filed in *Michael B.* alleged that Michael came within the provisions of section 602 because he had committed a forgery. Michael admitted the allegation and was committed to YA for three years for the forgery, plus an additional two years and four months for previously sustained offenses. (*In re Michael B., supra,* 28 Cal.3d at p. 551.) Michael appealed claiming that the failure to file a supplemental petition under section 777 prevented the court from using aggregated terms for prior offenses in computing his maximum period of confinement. (*Id.* at p. 552.)

The Supreme Court noted that section 777 requires the filing of a supplemental petition to change or modify a prior disposition by removing the minor from the physical custody of his parents or by placing him in more restrictive custody. The court concluded, "Before the previous dispositional order may be modified, the court must make an express finding the previous order in fact has been rehabilitatively ineffective." (28 Cal.3d at pp. 552-553.)

The court continued, "After a new petition is sustained under section 602, on the other hand, the court may consider the juvenile's entire record before exercising its discretion at the dispositional hearing and may rely on prior sustained section 602 petitions in determining the proper disposition and maximum period of confinement. [Citations.] Section 726, which permits aggregation of terms in computing that period, expressly authorizes aggregation on the basis of prior sustained section 602 petitions but does not sanction consideration of prior section 777 petitions for this purpose. A practice has developed, therefore, of filing new section 602 petitions, rather than section 777 supplemental petitions, to charge new offenses even when the minor is already a section 602 ward. [Citation.] This practice is not contrary to law. *Although section 777 recites that a 'supplemental petition' is required in order to change or modify a previous order by removing the minor from his parents' custody or by directing his commitment to the Youth Authority, a section 777 petition is not the exclusive method of initiating proceedings calling for such a change or modification.* As stated in a recent case it is 'clear that the proposers of section 777 did not contemplate that that section must, necessarily, be utilized in cases . . . where a different and more onerous disposition is to be based on a new criminal offense.' [Citation.] Thus, *section 726 authorizes the court in a section 602 proceeding to 'aggregate the period of physical confinement on multiple counts, or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602 . . . .'*

"We have decided, however, that where the prior offenses are to be considered to aggregate the maximum term to extend it beyond that which could be imposed for the new offense, due process requires notice of the juvenile court's intention in order to provide the minor with a meaningful opportunity to rebut any derogatory material within its prior record. [Citations.] Further, in compliance with the *Boykin-Tahl* protections afforded a minor [citation], the legislative intent embodied within the Juvenile Court Law and the pertinent California Rules of Court mandate the advising of a minor of the possible consequences of the pending petition, including generally the possibility of aggregation and specifically 'the maximum period of physical confinement, at the detention or jurisdictional hearing, or at some point before an admission is accepted or a contested jurisdictional hearing commences.' [Citations.] Thus, *we conclude that a petition under section 602 must contain notice of the intent to rely upon previous sustained petitions under section 602, in order to aggregate the maximum period of confinement on the basis of those petitions.* (See *In re Richard W., supra*, 91 Cal.App.3d at p. 978.)[3] To the extent contrary to this conclusion, *In re Ruben M., supra*, 96 Cal.App.3d at pages 697-698, is hereby disapproved.[4] Absent the filing of a petition containing such notice, the court is limited to the maximum period of confinement of the new offense(s) set forth in the section 602 petition." (*In re Michael B., supra*, 28 Cal.3d at pp. 553-554, brackets omitted, italics added.)

Applying these rules to Michael's case, the court held he was denied due process. He was not given adequate notice that his maximum term of confinement could be aggregated on the basis of his prior offenses. Nor was he told of the effect of his plea on his previously sustained section 602 petitions. Thus, he was deprived of notice of the possibility of aggregation based on his prior offenses, adequate time to prepare his defense, and a meaningful opportunity to be heard to rebut any derogatory material relating to his prior record. The court concluded, "Due process mandates the remanding of this matter to the juvenile court 'for redetermination of the maximum permissible term of physical confinement by means of procedures which give fair notice to the minor and an opportunity to be heard.' [Citations.]" (*In re Michael B., supra*, 28 Cal.3d at p. 555.)

---

[3] This cite refers to the proposition that there is a clear legislative intent to require advice to the minor of possible consequences, including the maximum period of confinement, at the detention or jurisdictional hearing.

[4] At this cite, the *Ruben M.* court states that only the latest new criminal offense must be pleaded, and other elements going to disposition need appear only after the adjudication hearing in the "social study" and in evidence presented at the dispositional hearing. *Michael B.*'s disapproval of this statement means due process mandates notice to the minor of the prior offenses to be relied upon at or before the jurisdictional hearing. Notice before or at the dispositional hearing is inadequate.

We note that the order did not specify that "fair notice" of the intent to aggregate required compliance with section 777. The court chose a constitutional rather than a statutory route to the notice requirement. (See *In re Michael B., supra,* 28 Cal.3d at p. 559 (dis. opn. of Bird, C.J.).)

The portion of *Michael B.* set out above can only mean that in a section 602 proceeding, section 726 permits the court to aggregate the period of physical confinement on previously sustained section 602 petitions. A section 777 petition need not be filed if, pursuant to the section 602 petition, the court intends to impose a different and more onerous disposition based on the new criminal offense rather than to modify an earlier disposition because it has been ineffective. However, the court cannot impose a more onerous disposition in the form of a term aggregated by previously sustained petitions unless the new section 602 petition notifies the minor of the court's intent to do so and the minor is afforded an opportunity to rebut derogatory material in the record which the court may consider in imposing an aggregated term.

Had the court's discussion ended with the above quoted material, the law would be clear. However, the court added: "It has been suggested that this procedure would require the filing of both a section 777 supplemental petition and a section 602 petition when a new offense has been committed and thereby necessitate 'two hearings,' resulting in a 'duplication of effort,' as well as 'confusion or even inconsistent results.' [Citation.] Yet no compelling reason appears why separate petitions or duplicative hearings should be required under the rule we announce. So long as the minor is given the requisite *notice* of the intent to rely upon the minor's prior offense or offenses or upon the ineffectiveness of prior dispositions in order to enhance the maximum period of YA commitment for the current offense, the issues may be presented in a single unitary petition which contains the requisite allegations, and may be disposed of in the course of a single proceeding otherwise conforming to law. [Citations.]" (*In re Michael B., supra,* 28 Cal.3d at p. 554, italics in original.)

The Supreme Court's use of the phrase "unitary petition" is confusing. The term might mean a joint section 602/777 petition with the necessary allegations of each. However, the term might also mean a petition under section 602 which includes the requisite section 602 allegations as well as the notice of intent to aggregate allegations. The second interpretation is persuasive in light of the court's use of the disjunctive: "So long as the minor is given the requisite notice of the intent to rely upon the minor's prior offense or offenses *or* upon the ineffectiveness of prior dispositions in order to enhance the maximum period of YA commitment for the current offense, the issues may be presented in a single unitary petition which

contains the requisite allegations, . . ." (*In re Michael B., supra*, 28 Cal.3d at p. 554, italics in original omitted, italics added.)

*Michael B.*'s footnote 2 also creates confusion. The Supreme Court summarized the law surrounding section 777 and ended the discussion with: "Before the previous dispositional order may be modified, the court must make an express finding the previous order in fact has been rehabilitatively ineffective. [Citations.]" (28 Cal.3d at pp. 552-553.) The sentence was footnoted: "The trial court's failure to do so here further mandates a limited reversal." (*Id*. at p. 553, fn. 2.) The court proceeded against Michael by a section 602 petition. A section 777 petition was not filed in connection with his case. Thus, footnote 2 can be interpreted to mean that even under a section 602 proceeding, the court must make a finding of rehabilitative ineffectiveness before it aggregates time remaining on previously sustained section 602 petitions with confinement time imposed for the new offense. We conclude, however, that footnote 2 must be disregarded in light of the court's holding.

As set out above, *Michael B.* expressly held that a section 777 petition is not the exclusive method of initiating proceedings for a change or modification of commitment. (28 Cal.3d at p. 553.) The juvenile court may proceed under a supplemental section 602 petition and consider prior offenses to aggregate the maximum term under section 726 if it provides adequate notice of its intention to do so and gives the minor a meaningful opportunity to rebut any derogatory material within his or her prior record. (*Id*. at p. 553.)

*Michael B.* contrasts section 602 proceedings with section 777 proceedings. The discussion of aggregation of terms in section 602 proceedings does not include a rehabilitative ineffectiveness pleading or finding requirement. Rather the court concludes "a petition under section 602 must contain notice of the intent to rely upon previous sustained petitions under section 602, in order to aggregate the maximum period of confinement on the basis of those petitions. [Citation.] . . . Absent the filing of a petition containing such notice, the court is limited to the maximum period of confinement of the new offense(s) set forth in the section 602 petition." (28 Cal.3d at p. 554.)

Thus, the body of the *Michael B.* opinion authorizes the juvenile court, upon proper notice, to aggregate the term of confinement on previously sustained section 602 petitions after a new petition is sustained under section 602. Unlike section 777, section 726 does not require an allegation or finding of rehabilitative ineffectiveness in order to aggregate terms. Moreover, given the court's holding that the crucial element is notice to the

minor of *either* the court's intent to rely on the minor's prior offenses *or* on the rehabilitative ineffectiveness of prior dispositions (28 Cal.3d at p. 554), footnote 2 makes no sense unless it means failure to make an express finding of rehabilitative ineffectiveness is reversible error only if the court proceeds under section 777 rather than section 602. (See, e.g., *In re Reynaldo R.* (1978) 86 Cal.App.3d 250, 255 [150 Cal.Rptr. 71].)

Accordingly, when a minor who is already a ward of the court under section 602 commits a new criminal offense, the People can proceed against the minor by way of a section 602 proceeding. If prior sustained petitions are to be used to compute the maximum confinement time to which the minor may be subject, the People must give the minor notice in the petition of the intent to aggregate terms based on previously sustained petitions. (*In re Michael B., supra,* 28 Cal.3d at pp. 553-554.) The court also must provide the minor with an opportunity to rebut any derogatory material in his prior record. (*Ibid.*)

■ In this case, the petition alleged Edwardo came within both section 602 and section 777, but the court proceeded as if only a section 602 petition had been filed. Since, under *Michael B.,* the court could proceed pursuant to section 602 and aggregate the maximum term of confinement with prior sustained petitions provided it gave the necessary notice to the minor, the court's failure to acknowledge the section 777 allegations and to make a rehabilitative ineffectiveness finding in this case was not reversible error.

The petition notified Edwardo that "any previously sustained petition can be used by the Court in aggregating the total amount of time the minor can be removed from the custody of his parents." The petition then listed the three previous offenses and the maximum confinement time available on each.[5] The petition satisfied the due process notice requirements of *Michael B.* Consequently, pursuant to the section 602 proceeding, the court properly imposed a more onerous disposition and an aggregated period of confinement without making an express finding that the prior disposition had been ineffective in rehabilitating the minor.

---

[5] The petition mixes together the violation of probation and prior sustained petitions allegations. In his briefs to this court, appellant does not challenge the clarity of the allegations and experienced juvenile court counsel no doubt could explain the significance of the allegations to the minor. However, since under *Michael B.* the minor must receive notice of the court's intent to rely on prior sustained petitions to aggregate the confinement time, the better practice would be to state this intent and, if possible, allege specifically each prior offense and corresponding commitment time. The probation violation allegations should be stated separately.

II., III.*

. . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment insofar as it finds true the allegations of count 2 is reversed and remanded with directions to dismiss count 2 and to vacate the two-month confinement time imposed on that count. The court is also directed to make the necessary section 702 misdemeanor or felony finding. In all other respects, the judgment is affirmed.

Best, J., and Baxter, J., concurred.

A petition for a rehearing was denied January 5, 1990, and appellant's petition for a review by the Supreme Court was denied February 21, 1990.

---

*See footnote, *ante,* page 470.