Filed 6/30/14  In re Michael S. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re MICHAEL S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL S.,<br><br>Defendant and Appellant. | F068401<br><br>(Super. Ct. No. 09CEJ600712-3V2)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gary R. Orozco, Judge.

Randall H. Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Franson, J., and Peña, J.

**INTRODUCTION**

On December 19, 2012, appellant Michael S. admitted a misdemeanor allegation in a juvenile delinquency petition (delinquency petition), filed pursuant to Welfare and Institutions Code section 602, that he carried a dirk or dagger (Pen. Code, § 21310).[1]  On January 4, 2013, appellant was placed on probation, released to his parents' custody, and placed on electronic monitoring.  On February 4, 2013, a probation violation petition was filed pursuant to Welfare and Institutions Code section 777 (probation violation petition) alleging that appellant violated the terms of his probation by absconding from a youth shelter, refusing to sign copies of probation instructions, and not attending school.

On February 15, 2013, a new delinquency petition was filed alleging appellant committed misdemeanor battery on a police officer (§ 243, subd. (b), count 1) and misdemeanor vandalism in an amount under $400 (§ 594, subd. (b)(2)(A), count 2).  On February 19, 2013, appellant admitted violating the terms of his probation as alleged in the probation violation petition and admitted count 2 of the delinquency petition; count 1 was dismissed.  On March 5, 2013, the juvenile court continued appellant on probation and as a ward of the court.  The court committed appellant to the Juvenile Justice Campus for 75 days.  The court found appellant had accrued 156 days of custody credits and his maximum term of confinement was two years two months.

On October 3, 2013, a new probation violation petition was filed alleging appellant violated the terms of his probation by failing to obey the lawful directives of a parent or guardian, failing to follow his curfew, failing narcotics tests, and using unlawful force on another.  On October 4, 2013, appellant admitted violating his probation by failing narcotics tests.[2]  The court continued appellant on probation, committed him to

---

[1]    Unless otherwise designated, statutory references are to the Penal Code.

[2]    According to the probation officer's report, on August 12, 2013, appellant submitted a urine sample that tested positive for methamphetamine, amphetamine, and

2

the Juvenile Justice Campus for 90 days, and committed him thereafter to the Day Reporting Center for 180 days with 30 days of electronic monitoring.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) By letter on March 12, 2014, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.

---

marijuana. We will not recount the facts of the prior adjudications. A disposition order is an appealable order and failure to file a timely appeal from it bars review of the earlier proceedings it entails in a subsequent appeal from a later juvenile court hearing. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1139, 1141; also see *In re Scott K.* (1984) 156 Cal.App.3d 273, 276-278.)